UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VIRGILLIO VIRGO,** | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | No. 24-cv-5722 |
| | : | |
| **SANDRA LEE VIRGO,** | : | |
|     Defendant. | : | |

<u>**MEMORANDUM**</u>

**Joseph F. Leeson, Jr.**                                                               **December 12, 2024**
**United States District Judge**

       In a prior Memorandum and Order, the Court dismissed the Complaint filed by Virgillio Virgo but granted him leave to file an amended complaint. The Complaint was dismissed under Federal Rule of Civil Procedure 8 because it contained only sentence fragments that did not allege any plausible claims or state a basis for this Court's jurisdiction. On December 6, 2024, the Clerk of Court received two submissions from Virgo. One is titled a "Verification Statement" (ECF No. 7) and the other is a "Statement" (ECF No. 8). The Court will deem the two submissions to constitute an Amended Complaint. For the following reasons, the Court will dismiss the case without prejudice.

**I.    FACTUAL ALLEGATIONS**

       Virgo's original one-page Complaint contained only sentence fragments. Corrected for spelling, his statements included: "robbery form," "object of attack's awards benefits U.S. Treasury," "means of attacks murders to get at benefits," "official complaints N.Y.P.D.," and "motives to supports morphine addictions." (ECF No. 1.) The Court dismissed the Complaint because it was entirely unclear how the person he named as the Defendant, Sandra Lee Virgo,

was involved in a "robbery," presumably of Virgo's benefits, and because Virgo failed to allege a basis for jurisdiction.  (ECF No. 5.)

In his Verification Statement, Virgo appears to allege that Sandra Lee Virgo defamed him because she is a user of narcotics and did so to support her and her boyfriend's drug habits. (ECF No. 7 at 1.)  In the Statement, Virgo includes a new name in the caption, "Dr. Ms. Townsend," listing her as an "accessory after the fact" and asserts that she has claimed he needed inpatient involuntary hospital care, initiated by Sandra Lee Virgo, who is a known heroin addict and sex worker.  (ECF No. 8 at 1.)

## II.     STANDARD OF REVIEW

Because the Court has granted Virgo leave to proceed *in forma pauperis*, the Court must review the pleadings and dismiss the matter if it determines, *inter alia*, that the action fails to set forth a proper basis for this Court's subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Grp. Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*").  A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction.  *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence.") (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)).

Moreover, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8.  *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019).  To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief.

*See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011).  The Third Circuit explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims."  *Garrett*, 938 F.3d at 93 (citation omitted).  A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue."  *Id.* at 93-94.  The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits."  *Id.* at 94.

However, "a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8."  *Id.* at 93; *see also Fabian v. St. Mary's Med. Ctr.*, No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted).  In other words, "[a] complaint must contain sufficient clarity to avoid requiring a district court or opposing party to forever sift through its pages in search of the nature of the plaintiff's claim."  *Prelle v. United States by Prelle*, No. 22-1453, 2022 WL 16958896, at *1 (3d Cir. Nov. 16, 2022) (*per curiam*) (internal quotations and citations omitted).  Dismissals under Rule 8 are "'reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'"  *Garrett*, 938 F.3d at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

**III.    DISCUSSION**

Virgo's allegations in his two submissions again fail to state a plausible claim within this Court's subject matter jurisdiction.  He appears to assert a state law claim against Sandra Lee Virgo for defamation, but he makes no allegations that would establish that this Court can exercise diversity jurisdiction over that claim.  Title 28 U.S.C. § 1332(a) grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required.  This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'"  *Lincoln*, 800 F.3d at 104 (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).  As stated, the plaintiff has the burden of pleading the existence of the court's jurisdiction, *see* Fed. R. Civ. P. 8, and "'in a diversity action, the plaintiff must state all parties' citizenships such that the existence of complete diversity can be confirmed.'"  *Craven v. Leach*, 647 F. App'x 72, 75 (3d Cir. 2016) (quoting *Chem. Leaman Tank Lines, Inc. v. Aetna Cas. & Sur. Co.,* 177 F.3d 210, 222 n. 13 (3d Cir.1999)).

An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain.  *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).  Residence alone is insufficient to establish domicile.  *Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972) ("The fact of residency must be coupled with a finding of intent to remain indefinitely.").  Rather, "domicile is established by an objective physical presence in the state or territory coupled with a subjective intention to remain there indefinitely."  *Hovensa*

*LLC*, 652 F.3d at 344.  Because Virgo does not allege the citizenship of the parties, he has failed to meet his burden of establishing diversity jurisdiction.

The basis for a claim against Dr. Ms. Townsend is equally unclear.  He refers to her as an accessory after the fact and mentions involuntary hospitalization.  These allegations fail to satisfy Rule 8.  The Court will not speculate whether Virgo intended to assert claims against Townsend or the nature of any such claim.  The Court will, however, give Virgo another – and final – opportunity to tell the Court additional information about what happened to him and how the people he appears to have named caused him an injury.  If he files another pleading, Virgo must state the basis for the Court's authority to exercise jurisdiction over his claims, either by alleging that the parties' citizenship is completely diverse and the amount in controversy exceeds $75,000, or by stating the factual basis for a federal question claim under 28 U.S.C. § 1331.  Virgo must also clearly identify the claim(s) against each Defendant.

Accordingly, the Amended Complaint will be dismissed without prejudice for lack of subject matter jurisdiction.  An appropriate Order follows with additional instructions about amendment.

               **BY THE COURT:**

               */s/ Joseph F. Leeson, Jr.*
               **JOSEPH F. LEESON, JR.**
               **United States District Judge**