UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **VIRGILLIO VIRGO,** : | |
| Plaintiff, : | |
| : | |
| v. : | No. 24-cv-5722 |
| : | |
| **SANDRA LEE VIRGO,** : | |
| Defendant. : | |

## MEMORANDUM

**Joseph F. Leeson, Jr.**                                                               **December 23, 2024**
**United States District Judge**

       In a prior Memorandum and Order filed on November 14, 2024 (ECF Nos. 5, 6), the Court dismissed the Complaint filed by Virgillio Virgo but granted him leave to file an amended complaint. The Complaint was dismissed under Federal Rule of Civil Procedure 8 because it contained only sentence fragments that did not allege any plausible claims or state a basis for this Court's jurisdiction. On December 6, 2024, the Clerk of Court received two submissions from Virgo. One was titled a "Verification Statement" (ECF No. 7) and the other was a "Statement" (ECF No. 8). In a Memorandum and Order filed on December 12, 2024 (ECF Nos. 9, 10), the Court deemed the two submissions to constitute an Amended Complaint and again entered a dismissal order under Rule 8 and because jurisdiction was lacking. The Court granted Virgo one final opportunity to explain the nature of the claims he sought to pursue. On December 16, 2024, Virgo filed two additional submissions. He also filed a submission on December 20, 2024. For the following reasons, the Court deems the submissions to constitute a Second Amended Complaint and will dismiss the case without prejudice for lack of subject matter jurisdiction.

I.      BACKGROUND AND FACTUAL ALLEGATIONS

Virgo's original one-page Complaint contained only sentence fragments. Corrected for spelling, his statements included: "robbery form," "object of attack's awards benefits U.S. Treasury," "means of attacks murders to get at benefits," "official complaints N.Y.P.D.," and "motives to supports morphine addictions." (ECF No. 1.) The Court dismissed the Complaint because it was entirely unclear how the person he named as the Defendant, Sandra Lee Virgo, was involved in a "robbery," presumably of Virgo's benefits, and because Virgo failed to allege a basis for jurisdiction. (ECF No. 5.)

In his Verification Statement, Virgo appeared to allege that Sandra Lee Virgo defamed him because she is a user of narcotics and did so to support her and her boyfriend's drug habits. (ECF No. 7 at 1.) In the Statement, Virgo included a new name in the caption, "Dr. Ms. Townsend," listing her as an "accessory after the fact" and asserted that she has claimed he needed inpatient involuntary hospital care, initiated by Sandra Lee Virgo, who is a known heroin addict and sex worker. (ECF No. 8 at 1.) Construing these submissions as an Amended Complaint, the Court found that he again failed to state a plausible claim within this Court's subject matter jurisdiction. He appeared to assert a state law claim against Sandra Lee Virgo for defamation, but he made no allegations that would establish that this Court could exercise diversity jurisdiction over that claim. The basis for a claim against Dr. Ms. Townsend was equally unclear and failed to satisfy Rule 8. In an abundance of caution, Virgo was granted leave to again explain to the Court the basis for any claim he sought to pursue and provide a basis for the Court's jurisdiction.

Virgo's two additional submissions received on December 16, 2024 are a Letter (ECF No. 11) and Motion "for speedy and quick trial" (ECF No. 12). The one-page Letter contains disjointed words whose meaning is unclear. Corrected for spelling, it reads as follows: "Esq Lopez 17-cv-10006 warrant's request for terrorist occupation in Pennsylvania, stay. Hector Lopez for Doctor Townsend public defenders was / were told not to set in on my hearing and still to command on case. . . . Terrorist Act's going down in Pennsylvania." (ECF No. 11.) The Motion may be Virgo's attempt to allege facts to support claims. He states that Townsend is a doctor at Wernersville State Hospital who claims that he needs involuntary hospital treatment. (*Id*. at 3.) Sandra Lee Virgo is his sister and initiated a complaint stating he needed involuntary treatment. (*Id*.) He claims she is a known heroin addict and sex worker. (*Id*.) Virgo brings claims for libel, slander and defamation against the Defendants because they stated he is a danger and needed to be hospitalized. (*Id*. at 2.) He appears to ask this Court to keep the Defendants away from him because his sister cannot be believed. (*Id*.) The December 20, 2024 submission is also a Letter that repeats the same allegations. (ECF No. 13.) Although Virgo was instructed that he had to provide a basis for the Court's subject matter jurisdiction, he does not allege a federal question claim and provides no allegations regarding the parties' domiciles and state citizenship.

## II.    STANDARD OF REVIEW

Because the Court has granted Virgo leave to proceed *in forma pauperis*, the Court must review the pleadings and dismiss the matter if it determines, *inter alia*, that the action fails to set forth a proper basis for this Court's subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Grp. Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d

Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence.") (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)).

### III.   DISCUSSION

Virgo's new submissions again fail to allege a basis for the Court's exercise of subject matter jurisdiction. He appears to assert only state law claims against the two Defendants for libel, slander, and defamation, but he makes no allegations that would establish that this Court can exercise diversity jurisdiction over those claims. 28 U.S.C. § 1332(a) grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln*, 800 F.3d at 104 (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). As stated, the plaintiff has the burden of pleading the existence of the court's jurisdiction, *see* Fed. R. Civ. P. 8, and "'in a diversity action, the plaintiff must state all parties' citizenships such that the existence of complete diversity can be confirmed.'" *Craven v. Leach*, 647 F. App'x 72, 75 (3d Cir. 2016) (quoting *Chem. Leaman Tank Lines, Inc. v. Aetna Cas. & Sur. Co.,* 177 F.3d 210, 222 n. 13 (3d Cir.1999)).

An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). Residence alone is insufficient to establish domicile. *Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972) ("The fact of residency must be coupled with a finding of intent to remain indefinitely."). Rather, "domicile is established by an objective physical presence in the state or territory coupled with a subjective intention to remain there indefinitely." *Hovensa LLC*, 652 F.3d at 344. Because Virgo does not allege the citizenship of the parties, he has failed to meet his burden of establishing diversity jurisdiction.

Accordingly, the Second Amended Complaint will be dismissed without prejudice for lack of subject matter jurisdiction. No further leave to amend will be granted since, having provided Virgo several opportunities, he has been unable to cure the jurisdictional defect. Virgo may seek to assert his defamation claims in a state court where the parties' diverse citizenship will not be an issue.[1] An appropriate final dismissal Order will be entered separately. *See* Fed. R. Civ. P. 58(a).

        **BY THE COURT:**

        */s/ Joseph F. Leeson, Jr.*
        **JOSEPH F. LEESON, JR.**
        **United States District Judge**

---

[1] The Court expresses no opinion on the plausibility of any claim.